

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-10727-JLS-MAA                                   Date: March 03, 2025
Title:  Nadim Halwani v. Mercedes-Benz USA, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

    Kelly Davis                                                N/A
    Deputy Clerk                                       Court Reporter

Attorneys Present for Plaintiffs:            Attorneys Present for Defendant:

Not Present                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 11)**

Before the Court is a Motion to Remand filed by Plaintiff Nadim Halwani.  (Mot., Doc. 11; Mem., Doc. 11-1.)  Defendant Mercedes-Benz USA, LLC opposed, and Plaintiff responded.  (Opp., Doc. 14; Reply, Doc. 15.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for March 7, 2025, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS Plaintiff's Motion.

I.     **BACKGROUND**

On October 1, 2024, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court, asserting two claims under California's Song-Beverly Consumer Warranty Act.  (Compl., Ex. A to Notice of Removal ("NOR"), Doc. 1-2.)  Plaintiff alleges that he leased a new 2021 Mercedes-Benz GLC300 (the "Vehicle") on December 20, 2021 for personal, family, and household use.  (*Id.* ¶¶ 5–7.)  Plaintiff also alleges that he had the Vehicle serviced by an authorized service and repair facility on at least two occasions for a variety of defects, including check engine light issues, a malfunctioning infotainment system, and a hissing noise emanating from the engine.  (*Id.* ¶¶ 10–11.)  Plaintiff seeks replacement of the Vehicle or restitution in the amount paid for it,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-10727-JLS-MAA                              Date: March 03, 2025
Title: Nadim Halwani v. Mercedes-Benz USA, LLC et al

incidental and consequential damages, a civil penalty in an amount up to two times Plaintiff's actual damages, and attorneys' fees and costs. (*Id.* at 10.) The Complaint is silent as to the amount Plaintiff paid to lease the Vehicle; however, the Complaint alleges that "the amount of controversy exceeds $35,000." (*Id.* ¶ 13.)

On December 12, 2024, Defendant removed the action, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* NOR.) Defendant asserts that removal is timely because the "Complaint was not facially removable" and Defendant sought removal within 30 days of its receipt of the Vehicle's lease agreement, which it obtained on November 14, 2024. (*Id.* ¶ 4.) The lease agreement provided for a 36-month lease, and contemplated that the total amount of payments owed by Plaintiff by the end of that period would be $23,590.80.[1] (Lease Agreement, Ex. B to NOR, Doc. 1-3.) Defendant alleges that, assuming Plaintiff suffered $23,590.80 in actual damages and receives a maximum civil penalty award, Plaintiff seeks at least $70,772.40 ($23,590.80 + ($23,590.80 × 2)). (NOR ¶ 20.) After taking into account Plaintiff's request for attorneys' fees, Defendant contends that the amount in controversy in this action "is in the range of $98,789.90 to $158,287.40." (*Id.* ¶ 22.)

II.  **LEGAL STANDARD**

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal quotation marks omitted). For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'" *Hunter v. Philip*

---

[1] The lease agreement also indicates that the total value of the Vehicle at the time was $43,250.99. (*See* Lease Agreement.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-10727-JLS-MAA                                    Date: March 03, 2025
Title:  Nadim Halwani v. Mercedes-Benz USA, LLC et al

*Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* (internal quotation marks omitted).

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a).  Where, as here, it is unclear from the complaint whether the amount in controversy exceeds the jurisdictional threshold, "the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 1446(c)(2)(B).  Conclusory allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003).  Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  The defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *See id.* (quoting *Singer*, 116 F.3d at 377) (internal quotation marks omitted).

### III.  ANALYSIS

Plaintiff argues that this action should be remanded to state court because Defendant has not carried its burden to show that the amount in controversy exceeds $75,000.  (Mem. at 4–6.)  The Court agrees, and therefore GRANTS Plaintiff's Motion on this basis.[2]

---

[2] Accordingly, the Court need not address Plaintiff's argument that comity principles weigh heavily in favor of remanding this action.  (Mem. at 7–9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-10727-JLS-MAA                                           Date: March 03, 2025
Title:  Nadim Halwani v. Mercedes-Benz USA, LLC et al

      The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorney fees.  Cal. Civ. Code § 1794(a)–(d).  Actual damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."  Cal. Civ. Code §§ 1793.2(d)(1) and (2).  "The Act provides a specific formula to calculate this reduction based on the vehicle's mileage prior to the buyer first delivering it for repair."  *Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1065 (2020).  The Ninth Circuit has explained that "consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy because "an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable."  *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (internal quotation marks and citation omitted.)  In addition, a plaintiff's recovery under the Song-Beverly Act is limited to the actual amount paid to the seller.  *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal 2002).

      Here, it is unclear from the Complaint whether the amount in controversy exceeds the jurisdictional threshold, and so Defendant "bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000."  *Kroske*, 432 F.3d at 980.  Defendant alleges that Plaintiff suffered actual damages in the amount of $23,590.80 because the lease agreement contemplated that Plaintiff would pay a total of $23,590.80 by the end of the 36-month lease period.  (Opp. at 4; NOR ¶¶ 19, 20.)  But Defendant has not applied any reduction for the use offset, as mandated by the Song-Beverly Act.  *See* Cal. Civ. Code § 1793.2(d)(1).  Nor has Defendant provided any facts regarding the mileage attributable to Plaintiff's use of the Vehicle from which the Court might estimate the use offset in this case.  Absent such information, Defendant's calculation of actual damages is speculative and cannot be used to satisfy the jurisdictional threshold.  *See Bae v. Ford Mot. Co.*, 2021 WL 5299242, at *2 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-10727-JLS-MAA | Date: March 03, 2025 |
| Title: Nadim Halwani v. Mercedes-Benz USA, LLC et al | |

Nov. 12, 2021) (Staton, J.); *see also Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016).

     Defendant's estimate of the amount-in-controversy also assumes, without providing any support, that the maximum award of civil penalties would be appropriate in this case. (NOR ¶ 20; Opp. at 9–11.) That is insufficient to establish that civil penalties of two times actual damages should be included in the amount-in-controversy. *See Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) ("The civil penalty under California Civil Code § 1794(c) cannot simply be assumed. To satisfy its burden, the removing party must make some effort to justify the assumption by, for example, pointing to allegations in the complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty.") (citations and internal quotation marks omitted). And, because Defendant's estimate of actual damages is speculative for the reasons stated above, Defendant's estimate of civil penalties is equally uncertain. *See Berger v. Mercedes-Benz USA, LLC,* 2021 WL 3013915, at *3 (C.D. Cal. July 15, 2021) ("[I]f the amount of actual damages is speculative, any attempt to determine the civil penalty is equally speculative").

     Moreover, Defendant's argument that it can demonstrate that the amount in controversy exceeds $75,000 based on potential attorneys' fees also fails. Defendant avers that attorneys' fees in this case are likely to be "in the range of $28,107.50 to $87,515.00," based on attorneys' fees awards that were granted in four previous lemon-law cases involving Plaintiff's Counsel. (Opp. at 12; Narain Decl. ¶ 8, Doc. 1-1.) But Defendant has made no effort to explain why the fee awards in those cases would be similar to the recoverable attorneys' fees in this case. As a result, Defendant's estimate of attorneys' fees is unsupported. *See Ruelas v. FCA US, LLC*, 2025 WL 414840, at *3 (C.D. Cal. Feb. 6, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-10727-JLS-MAA                                         Date: March 03, 2025
Title:  Nadim Halwani v. Mercedes-Benz USA, LLC et al

**IV.     CONCLUSION**

For the above reasons, Plaintiff's Motion to Remand is GRANTED.  This action is REMANDED to Los Angeles County Superior Court, Case No. 24STCV25493.

Initials of Deputy Clerk: kd